IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RICARDO GOMEZ-CORREA,

    Defendant.

Case No. 17-CR-20007-JAR-7

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 363). Specifically, Defendant's one-paragraph motion asserts he is entitled to a sentence reduction based upon the fact he is a "Zero-Point Offender." The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court dismisses Defendant's motion.

**I.    Facts**

On April 22, 2019, Defendant waived indictment and pled guilty to a violation of 21 U.S.C. § 846; namely, conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine.[1] The parties recommended the court[2] sentence Defendant to the statutory mandatory minimum sentence of 120 months' imprisonment.[3] The court followed the

---

[1] Doc. 190.

[2] This case was transferred to the undersigned on February 20, 2020. Doc. 262.

[3] Doc. 192 at 8.

recommendation and, on July 16, 2019, Defendant was committed to the custody of the United States Bureau of Prisons for a term of 120 months.[4]

On December 12, 2023, Defendant filed the instant motion seeking a reduction in his sentence based on the fact that he is a "Zero Point Offender."[5]

**III.    Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[6] Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[7]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[8] Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[9] With respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;

---

[4] Doc. 211 at 2.

[5] Doc. 363.

[6] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[7] *See* 18 U.S.C. § 3582(c)(2).

[8] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[9] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

2

>(4) the offense did not result in death or serious bodily injury;
>(5) the instant offense of conviction is not a sex offense;
>(6) the defendant did not personally cause substantial financial hardship;
>(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."[10]

## III.  Discussion

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). As noted, Defendant maintains that he was assigned no criminal history points and that, accordingly, he is a zero-point offender entitled to a decrease in two offense levels.  However, as the government correctly argues, Defendant fails to meet Amendment 821's eligibility requirements.

Defendant fails to qualify for a retroactive reduction under U.S.S.G. 4C1.1 because he was sentenced to the statutory mandatory minimum sentence of 120 months.  Stated differently, the changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant.  Because the reduction is not authorized, the Court lacks jurisdiction

---

[10] *See* U.S.S.G. § 4C1.1(a).

x

to reduce Defendant's sentence.[11]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 363) is **dismissed**.

**IT IS SO ORDERED.**

Dated: March 21, 2024

                                                   s/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE

---

[11] *United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).